CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 06 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:97CR00051-2 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RONALD LEE JONES, | ) | By: Michael F. Urbanski |
| Defendant. | ) | Chief United States District Judge |

Ronald Lee Jones, a federal inmate, has filed an authorized successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA"), is unlawful. After consideration of the record and applicable case law, the court concludes the Jones' motion must be dismissed.

I.

Jones, along with multiple codefendants, was convicted, following a trial, of conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); conspiracy to import cocaine, in violation of 21 U.S.C. §§ 963 and 951(a); distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Jones' Presentence Investigation Report ("PSR") recommended that he receive an increased sentence because he qualified as an armed career criminal in that he had at least three prior convictions for a violent felony and/or a serious drug offense. PSR ¶ 45, ECF No. 201. The predicate offenses supporting his status as an armed career criminal included prior convictions for federal armed bank robbery, Virginia malicious wounding, and Virginia possession with intent to distribute cocaine. Id. ¶¶ 52, 53 and 54. On March 20, 1998, the

court sentenced Jones to a total of 360 months' incarceration after adopting the PSR and concluding that he was an armed career criminal.[1] Jones appealed but the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. United States v. McGeorge, 173 F.3d 426, *5 (4h Cir. 1999) (unpublished).

The court appointed the Federal Public Defender's Office to represent Jones and provide briefing, if necessary, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), pursuant to Standing Order 2015-5. The Federal Public Defender's Office filed a § 2255 Motion on Jones' behalf. On December 15, 2016, the court stayed the case pending a decision by the United States Court of Appeals for the Fourth Circuit in United States v. Jenkins, Case No. 16-4121. Jenkins has now been decided, No. 16-4121, 2018 WL 1225728 (4th Cir. March 9, 2018) (unpublished); accordingly, the § 2255 motion is ripe for review.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Jones bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

---

[1] Jones was sentenced by the honorable Samual G. Wilson. Judge Wilson has now retired and so the case was assigned to the undersigned.

2

A. The ACCA Enhanced Sentence Structure

Jones claims that he no longer qualifies as an armed career criminal because his malicious wounding conviction cannot be used to support an enhanced sentence under the ACCA. This argument is foreclosed by Jenkins.

Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In Johnson, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. 2563. Specifically it concluded that crimes "otherwise involv[ing] conduct that present[ed] a serious potential risk of physical injury to another," known as the "residual clause," was unconstitutionally vague. Id. at 2555, 2563. However, it did not strike down the other portions of the violent felony definition, including the "force clause," which covers crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court's decision in Johnson announced a new rule of constitutional law that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

Predicate Offenses

Jones has three predicate offenses that the court used to support his enhanced ACCA sentence: a federal bank robbery conviction, a Virginia drug conviction, and a Virginia malicious wounding conviction. He challenges only his malicious wounding conviction. He claims that such a conviction no longer qualifies as a violent felony because it does not fall under the "force clause" of the ACCA, the only definition potentially applicable after Johnson invalidated the residual clause. However, Jenkins holds the opposite.

In Jenkins, the Fourth Circuit concluded that Virginia malicious wounding convictions continue to qualify as violent felonies following Johnson. 2018 WL 1225728 *4. The court held that because a conviction for malicious wounding requires both "causation of bodily injury" and "intent to maim, disfigure, disable or kill," it satisfies the force clause of the ACCA. Johnson, 2018 WL 1225728 *1.

Because Jones continues to have three predicate offenses even following Johnson, he cannot establish that he was improperly sentenced as an armed career criminal or that he is entitled to relief. 28 U.S.C. § 2255(a).

### III.

For the reasons stated herein, the court grants the government's motion to dismiss. Because Jones has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 6th day of April, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge