IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:97-CR-00051 |
| v. ) | |
| ) | |
| RONALD LEE JONES, ) | By: Hon. Michael F. Urbanski |
| Defendant ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Ronald Lee Jones, represented by counsel, filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. ECF No. 239. He asks that his sentence be reduced from 360 months to time served or, alternatively, to 324 months. The government does not contest that Jones is eligible for consideration of a reduction of his sentence but argues that the court should decline to exercise its discretion to reduce his sentence because Jones did not face a harsher sentence in 1998 than he would face if he were sentenced today, and also because of his criminal history. Resp., ECF No. 245. Having considered the arguments of the parties, the court will **GRANT** Jones' motion and modify his sentence to time served.

## BACKGROUND

On May 20, 1997, Jones was charged with conspiracy to possess with intent to distribute powder cocaine and cocaine base beginning in 1994 and continuing until late in 1995 (Count 1), conspiracy to import cocaine into the United States beginning in April 1995 and continuing until December 1995 (Count 2), distributing cocaine base on July 22, 1994 (Count 4), and possession of a firearm by a convicted felon on August 14, 1995 (Counts 6 and 7).

Indictment, ECF No. 13; Presentence Report ("PSR") ¶ 1, ECF No. 248 at 4. The government also sought enhancement of Jones' sentence under 21 U.S.C. § 851. ECF No. 85. Jones was tried by a jury, and on November 19, 1997, the jury returned a verdict finding him guilty on all Counts. Jury Verdict, ECF No. 112.

When Jones was sentenced in 1998, the statutory sentencing range for Count 1 was 20 years to life pursuant to 21 U.S.C. § 841(b)(1)(A); the statutory range for Count 2 was 10 years to life pursuant to 21 U.S.C. § 960(b)(2)(B); the statutory maximum for Count 4 was 30 years pursuant to 21 U.S.C. § 841(b)(1)(C); and the statutory minimum for Counts 6 and 7 was 15 years pursuant to 18 U.S.C. § 924(e)(1). PSR ¶ 79, ECF No. 248 at 16. According to the PSR, his guideline sentencing range was 360 months life. That calculation was based on a total drug weight of 44.41 kilograms of cocaine, which gave him a base offense level of 34. He received 4 points for being a leader of the criminal activity for a total of 38 points. He had a criminal history of VI, resulting in a guidelines range of 360 months to life. PSR at ¶ 45, ECF No. 248 at 9-13.

Notwithstanding the total drug weight described in the PSR, at sentencing, the court attributed 10 kilograms of cocaine to the defendants. Sent. Tr., ECF No. 149-1 at 35. Based on the drug quantity, the court found that Jones' base offense level was 32, enhanced to 36 for his role in the offense. The court also found Jones to be a career offender, which brought his total offense level to 37.[1] With a criminal history category of VI, Jones' sentencing range was 360 months to life. Id. at 36.

---

[1] Jones was determined to be a career offender based on a 1978 federal conviction for armed robbery in the

2

On March 20, 1998, Jones was sentenced to 360 months each for Counts 1 and 2; 24 months for Count 4; and 180 months each for Counts 6 and 7, all running concurrently with one another. The 360-month sentence was mandatory under the guidelines at that time. Jones had previously been convicted in two cases in the Eastern District of Virginia for related conduct, and his 360-month sentence in the present matter was slated to run consecutively to the 60-month sentence for the firearm offense but concurrently with the 343-month and 262-month sentences assessed on his drug charges in the Eastern District cases. See United States v. Jones, No. 1:96cr00191 (E.D. Va. filed Mar. 13, 1996) and United States v. Jones, 1:97cr00109 (E.D. Va. filed Mar. 13, 1997). Ultimately, Jones received a sentence of an aggregate 420 months for his two convictions in the Eastern District of Virginia and his conviction in this district. Jones has served approximately 289 months in prison on the instant case.

## ANALYSIS

**I. The First Step Act**

The First Step Act is a remedial statute "intended to correct earlier statutes' significant disparities in the treatment of cocaine base (also known as crack cocaine) as compared to powder cocaine." United States v. Wirsing, 943 F.3d 175, 176-177 (4th Cir. 2019). Prior to passage of the Fair Sentencing Act, a drug trafficker dealing in crack cocaine was subject to the same sentence as a trafficker dealing 100 times more powder cocaine. Kimbrough v.

---

Western District of Virginia, a 1981 conviction for malicious wounding in Roanoke City Circuit Court, and a 1986 federal conviction for possession with intent to distribute cocaine in the Western District of Virginia. PSR ¶ 45, ECF No. 248 at 8.

3

United States, 552 U.S. 85, 91 (2007). The sentencing scheme had a racially disparate impact that resulted in excessive and unwarranted punishments that disproportionately fell on defendants of color. Wirsing, 943 F.3d at 177-78 (internal citations omitted). The Fair Sentencing Act reduced the crack-to-powder ratio to 18-to-1 and eliminated the mandatory minimum sentence for simple possession of crack. Id. at 178.

The Fair Sentencing Act did not apply retroactively to defendants who were sentenced before its passage on August 3, 2010, unless they could bring a motion under the narrow exception provided in 18 U.S.C. § 3582(c)(2). Id. at 178-79 (citing United States v. Black, 737 F.3d 280, 282, 286-87 (4th Cir. 2013)). After passage of the Fair Sentencing Act, the United States Sentencing Commission amended the guidelines to lower the base offense levels assigned to some drugs (Amendments 750 and 782) and provided that the amendments applied retroactively. Id. at 179 (citations omitted). The amendments allowed some defendants sentenced before August 3, 2010 to seek relief, not directly under the Fair Sentencing Act, but by means of a § 3582(c)(2) motion related to one of the amendments. Nevertheless, a reduction under § 3582(c)(2) only applied if the amendments had the effect of lowering the defendant's applicable guideline range. Id. The amendments did not operate to lower the sentences for defendants convicted of very large quantities of crack, or those whose sentences were driven not by the quantity of drugs involved, but by their status as a career offender. Id.

The First Step Act allows defendants sentenced prior to August 3, 2010, and who were ineligible for relief under the guideline amendments, to seek a reduction in their sentences as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered

4

offense was committed. First Step Act § 404(b), 132 Stat. at 5222. A "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. at § 404(a), 132 Stat. at 5222. Courts have discretion to lower or not lower a sentence even when a defendant is eligible for a sentence reduction. Id. at 404(c), 132 Stat. at 5222.

In United States v. Collington, 995 F.3d 347 (4th Cir. 2021), the court discussed the interplay between section 404 of the First Step Act and 18 U.S.C. § 3582(c). The court explained that while sentence modifications under § 3582(c)(2) are limited in scope and allow defendants to receive only the benefit of a guidelines amendment, modifications under the First Step Act are brought under § 3582(c)(1)(B), which allows courts to "impose" a new sentence. Collington, 995 F.3d at 353-354. The court had previously held that when imposing a sentence under section 404 of the First Step Act, the court must recalculate the guidelines sentence and correct any guidelines error. United States v. Chambers, 956 F.3d 667, 668, 672-74 (4th Cir. 2020).

> Accordingly, we both allow and require more of a sentencing judge in the First Step Act context than the § 3582(c)(2) context. First, district courts must accurately recalculate the Guidelines sentence range. Compare Chambers, 956 F.3d at 672, with [Dillon v. United States, 560 U.S. at 817, 821, 130 S.Ct. 2683 (2010)] (holding that a district court may only "substitute the amended Guideline range" in § 3582(c)(2) proceedings). Second, and relatedly, district courts must correct original Guidelines errors and apply intervening case law made retroactive to the original sentence. Compare Chambers, 956 F.3d at 672–74, with Dillon, 560 U.S. at 831, 130 S.Ct. 2683 (holding that district courts lack the discretion to correct errors unaffected by a Guidelines amendment). Third, the court must consider the § 3553(a) factors to determine what sentence is appropriate. See Chambers, 956 F.3d at 674. Unlike sentence modification proceedings under § 3582(c)(2)—which limit use of the § 3553(a) factors to determining simply whether to reduce a sentence to within a predetermined

>range—we permit courts to use the § 3553(a) factors to more comprehensively shape sentencing decisions and even <u>depart downward</u> from the new Guidelines range. Compare id., with <u>Dillon</u>, 560 U.S. at 830, 130 S.Ct. 2683.

<u>Collington</u>, 995 F.3d at 355 (emphasis in original).

The court clarified that although defendants are not entitled to plenary resentencings under the First Step Act, courts should make a holistic resentencing determination, considering the 18 U.S.C. § 3553(a) factors "to make substantially more robust resentencing decisions than in § 3582(c)(2) proceedings." <u>Collington</u>, 995 F.3d at 356. Also, while courts have discretion in granting relief under the First Step Act, a court abuses its discretion if it leaves in place a sentence that exceeds the statutory maximum established by the Fair Sentencing Act. <u>Id.</u> In addition, when a court exercises its discretion, First Step Act resentencing decisions must be procedurally and substantively reasonable. <u>Id.</u> at 358.

In <u>United States v. Lancaster</u>, 997 F.3d 171, 174 (4th Cir. 2021), the court summed up the evolution of the application of the First Step Act in the Fourth Circuit. A district court presented with a First Step Act motion must first determine whether the sentence is eligible for consideration on the merits. <u>Id.</u> The sentence under consideration must be a "covered offense" under section 404(a) of the First Step Act. <u>Id.</u> Covered offenses include violations under 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(B)(iii), and (b)(1)(C). <u>Id.</u> (citations omitted). Second, the motion must be addressed to the court that imposed the sentence. <u>Id.</u> (citations omitted). Third, the sentence must not have been previously imposed or previously reduced under the First Step Act. <u>Id.</u> at 174-175 (citations omitted). If a court determines that a sentence qualifies

for review on the merits, the court has discretion to impose a sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. Id. at 175.

To determine the sentence that would have been imposed had the Fair Sentencing Act been in effect, the court engages in a brief analysis that involves recalculating the sentencing guidelines in light of intervening case law and conducts a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a). In conducting the § 3553(a) analysis, the court may take into account the defendant's conduct after sentencing. Id.

> [T]he analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors. Rather, the scope of the analysis is defined by the gaps left from the original sentence to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances. If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated.

Id.

Jones was convicted of counts involving both cocaine base and powder cocaine. In United States v. Gravatt, 953 F.3d 258, 264 (4th Cir. 2020), the Fourth Circuit held that when a defendant is charged conjunctively with conspiring to distribute both powder cocaine and crack cocaine, he is convicted of a "covered offense" under Section 404(a) of the First Step Act. Thus, Jones is eligible for sentence modification under the First Step Act.

## II. Available Relief

Having found that Jones is eligible for relief, the court must now consider what relief, if any, should be granted. The court will recalculate the sentencing guidelines in light of

7

intervening case law before considering the § 3553 factors. Lancaster, 997 F.3d at 175; Collington, 995 F.3d at 355.

**A. Guidelines Range**

Amendment 782 reduced by two levels the base offense levels assigned to many drug quantities under USSG §§ 2D1.1. United States v. Bornales, 639 F. App'x 169, 170 (4th Cir. 2016). Jones asserts that Amendment 782 lowered the base offense level for his drug quantities from 36 to 32. With the 4-point enhancement for being an organizer, his total offense level would be 36. Coupled with his criminal history of VI, his guideline range would be 324-405 months. USSG Ch. 5 Pt. A.

Jones bases his calculation on the drug quantities in the PSR, which stated that Jones was responsible for 44.41 kilograms of powder cocaine, including the cocaine involved in the Eastern District of Virginia cases. PSR ¶ 20, ECF No.248 at 7. However, notwithstanding the information in the PSR, the court found that Jones was responsible for 10 kilograms of powder cocaine which gave him a base offense level of 32 at the time he was sentenced, Sent. Tr., ECF No. 149 at 35, and would have resulted in a base offense level of 30 under Amendment 782. With a base offense level of 30, increased by 4 points for his role in the offense to 34, Jones' guideline range would be 262-327 months.

The government responds that Amendment 782 does not serve to reduce the sentence of career offenders like Jones, citing in support USSG § 1B1.10(a)(2)(B). That section provides that a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) if the amendment does not have the effect of lowering the defendant's guideline

8

range. The commentary to the section explains that a reduction may not be applicable because of the operation of another guideline or statutory provision, such as a statutory mandatory minimum term of imprisonment. USSG § 1B1.10(a)(2)(B), App. Note 1. See also United States v. France, 637 F. App'x 733, 734 (4th Cir. 2016) (per curiam) ("[a] district court lacks the authority to grant a § 3582(c)(2) motion if the defendant seeking the reduction was sentenced pursuant to the career offender Guideline.") However, as explained below, recalculating Jones' guideline sentence as if the Fair Sentencing Act were in effect at the time he was sentenced and taking into account intervening case law results in a total offense level of 34.

The court sentenced Jones based on his status as a career offender, finding his total offense level to be 37. An offense level of 37 under § 4B1.1 results when the defendant is found to be a career offender based on prior convictions and is subject to an offense statutory maximum sentence of life. See USSG § 4B1.1(a) and (b)(1). If the offense statutory maximum sentence is 25 years or more, but less than life, the offense level is 34. USSG § 4B1.1(b)(2).

After the First Step Act, Jones' offense level based on his career offender status would be 34, because the indictment did not allege a drug weight for any of his offenses, and therefore they would fall under 21 U.S.C. § 841(b)(1)(C). Under the First Step Act, "a defendant cannot be resentenced under a statute carrying a mandatory minimum sentence when he or she was not indicted for any particular drug quantity and the jury was never required to make a finding that would support the application of a mandatory minimum." David Jones v. United States, 431 F.Supp.3d 740, 751 (E.D. Va. 2020). In such situations, defendants must be resentenced for an unspecified drug quantity pursuant to § 841(b)(1)(C), which carries a maximum

9

for an unspecified drug quantity pursuant to § 841(b)(1)(C), which carries a maximum sentencing range of 20 years. Id. See also Collington, 995 F.3d at 356 (holding that a district court abuses its discretion if it lets stand a sentence that exceeds the statutory maximum established by the Fair Sentencing Act). The § 851 enhancement would elevate the statutory maximum for each to 30 years.[2] 21 U.S.C. § 841(b)(1)(C).

With a maximum sentence of 30 years rather than life, Jones' offense level based on his status as a career offender would be 34 instead of 37. USSG §4B1.1(b)(2). With a criminal history category of VI, his guidelines range would be 262-327 months, which is the same as his sentence based on drug weight. USSG Ch. 5 pt. A. Thus, the court concludes that Jones' guideline range is 262-327 months.

### B. 18 U.S.C. § 3553(a)

The court previously assessed the 18 U.S.C. § 3553(a)[3] factors as they apply to Jones in its August 10, 2020 Memorandum Opinion denying Jones' request for compassionate release and determined that the factors weighed against release. ECF No. 236. However, before assessing the § 3553(a) factors as they related to that motion, the court had determined that Jones's did not present extraordinary and compelling reasons to justify a sentence reduction. The § 3553(a) analysis that followed was offered in the alternative and did not thoroughly

---

[2] Also, after United States v. Norman, 935 F.3d 232, 237-39 (4th Cir. 2019), conspiracy convictions cannot support an enhanced sentence as a career offender because they are not categorically controlled substance offenses under the guidelines. Lancaster, 997 F.3d at 176 (citing Norman, 935 F.3d at 237-39 and United States v. Whitley, 737 F.App'x 147 (4th Cir. 2018) (per curiam)). In Jones' case, both Count 1 and Count 2 were conspiracy offenses. Therefore, neither would count for purposes of defining Jones as a career offender under the guidelines. USSG §4B1.1(a).

[3] Section 3582(c)(1) directs the court to consider the factors set forth in 18 U.S.C. § 3553(a); United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020).

address Jones' post-conviction behavior and activities while he has been incarcerated. Mindful of the Collington court's admonition that courts should make a holistic resentencing determination, and that a resentencing under the First Step Act must be procedurally and substantively reasonable, Collington, 995 F.3d at 355, 358, the court will undertake a thorough review of the § 3553(a) factors as they apply to Jones.

The factors include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .

11

Turning first to the nature and circumstances of the offense, the court notes that Jones was involved in an extensive drug distribution enterprise and that he possessed more than one firearm despite his status as a previously convicted felon. The conspiracy was sophisticated and was run from Jones' and his brother's car care business. On at least three occasions they imported cocaine from Jamaica, and Jones recruited friends to assist in the illegal business. The conspiracy lasted from January 1994, at the latest, until August 1995. Jones was found to be an organizer and leader of the conspiracy that involved more than five participants. Given the size of the conspiracy and Jones' role it in, the nature and circumstances of the offense weigh against reducing Jones' sentence.[4]

Looking next at the history and characteristics of the defendant, at the time Jones was convicted and sentenced, he had a long history of criminal behavior, starting at the age of 21 and continuing until he was incarcerated on the instant conviction and the convictions out of the Eastern District of Virginia at the age of 42. Jones had multiple convictions for assault, as well as convictions for brandishing a firearm, armed bank robbery, malicious wounding, and possession with intent to distribute cocaine. PSR ¶ 49-54, ECF No. 248 at 9-10.

---

[4] In addition, the government argues that neither the Fair Sentencing Act nor the First Step Act reduced penalties for powder cocaine and that the PSR established that Jones was responsible for 31.2 kilograms of powder cocaine and 48 grams of cocaine base. The government makes the point that because of the powder cocaine, Jones would not face a lower statutory penalty if he were sentenced today and argues that the Fair Sentencing Act did not amend the penalties for powder cocaine. However, as discussed above, the court found Jones responsible for 10 kilograms of powder cocaine, rather than 31.2 kilograms. In any event, Gravatt made clear that persons convicted of mixed-object conspiracies are eligible for sentence reductions under the First Step Act. And Covington and Lancaster have made clear that once a petitioner is found eligible, the court should conduct a holistic resentencing determination, including applying revisions to the guidelines, intervening changes in case law, and considering the defendant's post-conviction behavior and activities.

While Jones undoubtedly was a dangerous young man, he is now 66 years old and has spent 24 years incarcerated on the instant conviction. While incarcerated, he has earned his GED and taken more than 30 courses offered by the Bureau of Prisons (BOP). He currently works as a Housekeeping Aide Apprentice. The disciplinary record provided by Jones shows one sanctioned incident of possessing a hazardous tool in 2017. ECF No. 239-2. Jones volunteered on suicide watch from 2001 to 2007 and has mentored younger inmates. His security classification is "low," and he has a "low risk recidivism level." ECF 239-3. Jones asserts that when released he will live with his former wife who is still his longtime partner. In addition, he has several siblings who have indicated they will be supportive of him and he has multiple opportunities for work upon release. Notwithstanding evidence that Jones was a dangerous man in his twenties through his early forties, the court finds that his current age, his minor disciplinary record, and his family support indicate that he has matured and grown while incarcerated. His more recent history and the characteristics he displays today weigh in favor of reducing his sentence.

Turning to the next two factors, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct, the court finds that the 24 years Jones has served is sufficient to accomplish these goals. Given Jones' record in prison thus far, it is unclear that spending another 6 years in prison will have any additional benefit to Jones or the community.

13

Regarding the next two factors, the court finds that Jones' age and disciplinary record indicate that he is unlikely to commit further crimes. In addition, if released he will serve a term of supervised release and will have to report to a United States Probation Officer, which will offer further incentive for Jones to refrain from criminal conduct. The court does not find that serving the remainder of his 30-year sentence will provide Jones with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Jones argues that the need to avoid sentencing disparities also weighs in favor of reducing his sentence. All of his co-defendants were released from prison years ago. The defendant with the next longest sentence was sentenced to 168 months and has been out of prison for almost 9 years. However, Jones had a more extensive criminal history than his co-defendants and was considered the leader of the conspiracy and it is presumed that the court took those factors into consideration at sentencing. Accordingly, no weight is accorded to the fact that Jones' sentence was more than twice as long as any other co-defendant.

The court finds that factors discussed above, when considered along with the fact that if Jones were sentenced today his guidelines range would be 262-327 months, support the conclusion that Jones's sentence should be reduced to time served. Jones already has served 289 months, which is 27 months longer than the bottom of his current guidelines sentence. The court believes that a sentence of time served is consistent with the policy and concerns addressed by the First Step Act and is sufficient, but not greater than necessary, to meet the

14

sentencing goals of punishment, deterrence, protection of the public, and rehabilitation undergirding 18 U.S.C. § 3553(a).

## CONCLUSION

The court finds that a sentence of time served is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. Accordingly, the court **GRANTS** Jones' motion under the First Step Act, ECF No. 239, and modifies his sentence to time served.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: 11-5-2021

Michael F. Urbanski
Chief United States District Judge